
**FILED**

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT

FEB 2 6 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

for the

Eastern District of District

Division

|  |  |
|---|---|
| | Case No. **2: 1 9 - CV - 0 3 4 1 TLN ₰ PS** |
| | _(to be filled in by the Clerk's Office)_ |
| Morrey Selck | |
| _Plaintiff(s)_ | Jury Trial: _(check one)_  ☐ Yes  ☐ No |
| _(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)_ | |
| -v- | |
| City of Sacramento | |
| _Defendant(s)_ | |
| _(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)_ | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Non–Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Morrey Selck |
| Address | 12000 North B Street |

| | | |
|---|---|---|
| Sacramento | Ca | 95823 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Sacramento |
| Telephone Number | 916 271 5859 |
| E-Mail Address | mory.s916@gmail.com |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Sacramento Police Department |
| Job or Title *(if known)* | Police officers named in suit. |
| Address | City of Sacramento 915 I Street |

| | | |
|---|---|---|
| Sacramento | Ca | 95823 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Sacramentio |
| Telephone Number | 916 264 5471 |
| E-Mail Address *(if known)* | |

☐ Individual capacity    ☒ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Address | |

| | | |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity    ☐ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 3

    Name

    Job or Title *(if known)*

    Address

| | | |
|---|---|---|
| *City* | *State* | *Zip Code* |

    County

    Telephone Number

    E-Mail Address *(if known)*

    ☐ Individual capacity    ☐ Official capacity

Defendant No. 4

    Name

    Job or Title *(if known)*

    Address

| | | |
|---|---|---|
| *City* | *State* | *Zip Code* |

    County

    Telephone Number

    E-Mail Address *(if known)*

    ☐ Individual capacity    ☐ Official capacity

**II.**    **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    Title 18 38 and 42 apply. Title 42 1983 involves malicious prosecution. submission of falsified evidence. Illegal search. Endagering citizens intntionally thru inaction of police investigations. Police force and illegal entry into premises.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Title 18 and 42 all apply.

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Officer imp[osed authority to discard retail inventory without due authority. Officer threatened imprisonment and arrest under physical duress for prolonged period of time.

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

78 Monaghan Circle
Sacramento Ca 95823

B.    What date and approximate time did the events giving rise to your claim(s) occur?

2014-2017

C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See complaint attached.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## IV.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Permanent knee injury. Damage ot organs from imposed medications presently. Vision impairment and cornea damage progressed to unknown levels of available care from specialist.

## V.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Property, business, health, credit, and assets all restored immediately. Proper investigation of criminal complainants criminal history and drug history. Bank statement s and police reports all reviewed for criminal activirty and property loss.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:              02/26/19

Signature of Plaintiff

Printed Name of Plaintiff      Morrey Selck

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number      916 271 5859

E-mail Address          mory.s916@gmail.com

Page 6 of  6

Morrey Selck
1200 North B St.
Cell (916) 271-5859
Feb. 22, 2019

# Civil Complaint against City of Sacramento

This complaint entails negligent actions systematically imposed by the City of Sacramento against my household spanning from 2014 to present day. The actions of the City have caused my household loss of personal property, business income and opportunity, and irreparable damage to my home. The inactions of this City caused me incarceration and criminal prosecution by registered felons belonging to gangs in the neighborhood. The City Police officers named have harassed my household for hoarding resale items purchased from local retailers. The specific actions stemming from SGT Schraeber's subordinate officers (female) forced my household to remove said items without appropriate time to sell them. This allowed local gang members to steal majority of the items and put them for resale on E-Bay and other online websites. The proceeds of these sold items allowed drug purchases and heroin sales. Subsequently a gang war erupted with home invasions on our street from rival factions. Heroin traffic caused nearby parks to be congested with heroin customers sleeping overnight waiting formthe trap houses to open up for drug sales. Numerous attempts to contact Sacramento Police officers was down played with suggestions to fill out police reports. Police reports filled out were referred to myself as civil matters. In this law suit the complaint is filed in accordance with:

**Title 18:**

  Section 241. 242. 245. 1001, 1623.

**Title 38:**

  Section 902.

**Title 42:**

  Section 1983, 3631, 14141.

**Each of these statutes will be summarized in attached reports detailing specific events and times of their respective occurrence.  Findings in Federal Civil Case 2:18 CV 02447 JAM and official documents submitted can be cross referenced to this case as needed.**

Morrey Selck
1200 North B St.
Cell (916) 271-5859
Feb. 22, 2019

## Attachment 1

In March of 2014 SGT Schraeber and several officers entered my premises on a false 911 call made by a neighbor who had past disputes with my mother about money. I was forced to separate this neighbor from my mother's presence on my front yard. He called 911 and reported myself as abusing her. The officers questioned me for an extended amount of time and refused to leave my property without thoroughly searching our home. My mother was already frightened and was reluctant to remain outside during interrogation. I clearly informed the officers I was a registered nursing student with a cornea condition that impairs my vision without scleral contact lenses only worn 8-10 hours per day. I had several courses to complete at Kaplan College and the NCLEX exam to study for. They were also made aware that I am an honorably discharged veteran. I did not have my scleral lenses in that morning. A female officer whose name I could not read entered my home unlawfully and reported to SGT Schraeber there were excessively large amounts of brand new stacked retail goods in each room that appeared to be stolen. Code Enforcement and Adult Protective Services was also called that day and I was to remain in our home until they arrived or be arrested. Code Enforcement arrived first and suggested that I put these items in a storage facility. Given my need to study for my nursing exams and vision impairment the officer could work with me from week to week. The Adult Protective Services officer was a female who insisted that I take conservatorship of my mother and the household immediately. She promised to come back with the proper documents the following week. She never returned any of my phone calls or messages I left for her at the Adult Protective Services office. I even had my attorney Danny Brace call her several times and she never returned his phone calls or inquiries for conservatorship.

The female officer under SGT Schraeber's command returned to our household several days later. She entered our home without properly knocking or making her presence known prior to entering our home. I woke up on the couch and seen this officer yelling at me and my mother with her hands on here taser and cuffs at various times. She went from room to room and insisted that the retail items be put into the dumpster I rented outside. She then conveyed that she would check the level of the dumpster each day. She screamed at my mother until she dropped to her knees and cried yelling that I was going to study nursing in prison. She slammed the screen door open and demanded I come outside and confirm the level of garbage in the dumpster. She yelled at the top of her lungs insisting that we understood where she was coming from or she would cuff me and take me to prison to study nursing. She approached my mother and put her finger in her face. She emphasized that we were not on Code Enforcements week by week schedule and on the officer's schedule. I had to drop out of Kaplan College right away to meet this officer's demands. She had her hands on her taser and hand cuffs at various times during the outbursts in our home.

Several days later she returned and entered our property unlawfully after unlocking our front gate. She rang our doorbell numerous times until we answered the door. She entered our home again and began

Morrey Selck
1200 North B St.
Cell (916) 271-5859
Feb. 22, 2019

to inspect every room including my mother's bedroom where most of our valuables were stored including identity information and military documents. She began raising her voice once more and insisted if she did not see the carpet floor of my mother's bedroom by Thursday she would arrest me for a felony fire hazard. She ranted numerous times we were committing na felony fire hazard. The female officer's misconduct is in accordance to Title 18 USC. False imprisonment and malicious prosecution on three counts is in accordance with Title 42 Section 1983 of USC. The forced discarding of assets under the guise of felony fire hazard is a mis-statement of the law enforcement penal codes reflects incompetence of police officer under 38 Code of USC section 902.

## Attachment 2

In July of 2016 Detective Rinehart of Sacramento Police Department Fruitridge Station opened an investigation involving bank fraud upon my mother's financial accounts. Passbook Savings trust account information was defrauded by a bank teller along with safety deposit box contents, forged checks, identity and theft activity committed during my three tours of duty in Iraq. Detective Rinehart had knowledge of check fraud activity from ongoing conversations with the Chief Security Officer at California Bank and Trust. The Security Officer refused to provide bank statements or file a police report. After months of reviewing written checks and bank statements with displaced debit card purchases Detective Rinehart determined this was a civil matter and refused to investigate any further. The passbook trust account was signed over to the bank employee under the guise that my mother had no next of kin after my father's passing in 2005 while I was in Baghdad. The passbook account alone is worth 3-4 hundred thousand dollars. The bank refused to provide Detective Rinehart with bank statements that showed the trust was transferred from Sumitomo Bank to California Bank and Trust in the 1980's while my father was still alive. Detective Rinehart also failed to obtain statements from

the bank when there was a joint account between my father and mother. Instead Detective Rinehart assisted the security officer in contacting Adult Protective Services to report elder abuse on the bank employees part after work hours and seeking personal relations with bank customers outside of her work schedule. The bank denied any liability their actions and that Adult Protective Services would be called after I filed a detailed police report. The bank refused to file criminal charges in fear of litigation Detective Rinehart protected the bank's interest above serving the public need for proper law enforcement intervention. The County of Sacramento then sent over Tomoko Williams a County Supervisor who purported to assist Detective Rinehart in collecting statements. Her purpose in numerous visitations with my mother in our living room speaking in Japanese became a nuisance. She only spoke of her personal life and childhood in Okinawa and asked if I was ever married numerous times. She spoke of her divorce and position at the County being potentially beneficial for our household. She wore questionable attire and excessive perfume during each visit. She submitted hand written documents by the bank teller requested by herself to Detective Rinehart. On her last visit she

Morrey Selck
1200 North B St.
Cell (916) 271-5859
Feb. 22, 2019

conveyed that Detective Rinehart was not going to press charges and she would have already handed over the financial documents and hand-written agreement she tried to have my mother sign over control of her trust accounts. Also 8-10 thousand dollars in cash deposits were frozen with written evidence that the cash belonged to my mother and was withdrawn illegally by this employee. Detective Rinehart only suggested that I file a law suit and referred the security officer to communicate with my attorney Danny Brace. Had Detective Rinehart thoroughly reported all pertaining criminal events then SGT Schraeber would have had information reporting the debit card purchases assumed as stolen goods. These purchases alone were in the tens of thousands in dollars. The remainder of the Passbook Account balances are left as unknown and of no concern to the Sacrament Police Department fraud d division. Checks written by various complainants involved in my present case totaled In the thousands. Proper evidence submission and report writing would have arrested these felons before imposing further criminal activity onto our household in 2017. Dereliction of duty on behalf of Detective Rinehart resulted in the loss of hundreds of thousands of dollars.

In October of 2016 the City of Sacramento once more failed to uphold law enforcement duties on our street during a rival gang war between two gang factions on our street. These convicted felons and their spouses are named as complainants with criminal protective orders in my present criminal case. These gang factions benefitted from the sales of our personal merchandise displaced by SGT Schraeber's subordinate officers from 2014. The Sacramento Police Department used our household funds to finance heroin sales in South Sacramento at the wholesale level. These complainants and family members have purchased multiple businesses and casino resorts in Sacramento and abroad.

A police report filed on the neighbor insistently harassing my mother for money was remained ignored. Code Enforcement once more responds to cross complaints from this same neighbor about rats in our backyard from the several large sheds storing the remaining retail items listed in Rinehart's bank statements submitted. Although the rats came from the illegal chicken coop set in our neighbor's yard illegally, we were to blame for the infestation surrounding the illegal chicken coop. The Code Enforcement Officer threatened to condemn our home if we did not discard the retail items. I was forced to rent a dumpster once more and stage all items on our front and back yard until she inspected the back yard and surrounding areas. This attracted transient heroin customers purchasing drugs at nearby gang/complainant trap homes. Everything we had stored was burglarized in a matter of days and our dumpster torn apart. Repeated reports of heroin addicts breaking into our home and yard during these weeks were ignored by Code Enforcement peace officers and Internal Affairs of Sacramento Police Department. Only pictures of the mess made by the addicts were submitted in the case file against our behalf. Many of the stolen items then made it into the households of the various complainants in my present criminal case now with criminal protective orders allowing each of them to maintain possession of my stolen goods indefinitely. Failure to act as law enforcement personnel with no one else to turn to resulted in loss of property and heated conflicts on our street from gang member coveting position of our property and possessions. Failure to assist when called encouraged the actions of these complainants and inflamed the situation in our household daily with these criminals. Once more I was to post pone NCLEX exam preparation for nursing in 2016 carrying over to 2017. I also had to drop an EMT

Morrey Seick
1200 North B St.
Cell (916) 271-5859
Feb. 22, 2019

course at CRC from the continuous criminal presence and activity on our street. Complainants named were approaching our household out front with heroin addicted gang affiliates asking for myy mother and threatening to come in at night. Bars on our windows were sawn off and home invasion gangs roamed in bicycles day and night waiting for me to leave the home in search of retail items provided by police. My brokerage company after posting ads to hire agents and paying for leads were all forfeited from police negligence. The opportunity cost resulted in losses of real estate brokerage commissions and postponement of NCLEX exams. MLO endorsements for brokering mortgage loans and courses work performed for the MLO license was delayed from police inactions. Sections in Title 18 and 42 apply.

## Attachment 3

In 2017 I was arrested in multiple felony counts for attempts to retrieve stolen property on my street redistributed by the Sacramento Police Department. Officer Magny filed a false police report indicating that I entered the home of one the complainants when in fact it was the other way around. The complainant entered my residence and removed over 50 antique rosewood folding church chairs belonging to deceased Japanese Internment Camp prisoners. These chairs alone are valued at 25 thousand dollars or more. My father tool chest, golf clubs, fishing gear. and other valuables from my home and garage was unlawfully removed while charging my mother storage fees. Detective Rinehart has the cancelled checks on file. This particular complainant also runs a child pornographic ring and sex trafficking web site on the Back Pages. He utilizes minors for sale while running a room and board for them under the instruction of more experienced prostitutes residing there. Officer Magny ignored my reports of the stolen chairs. Numerous gunmen were recorded on an edited tape submitted by the this complainant possessing my antique chairs. Every camera angle indicated that my household was under attack by 3-4 gang members with pistols and shotguns. Gunmen were recorded standing several feet from my driveway next to a school bus and no charges were filed except on my person. I was booked without having my rights read and without visual acuity more than 20/400. I was forced to plead guilty to a First-Degree burglary charge and admit I entered the home of a child molester without visual acuity.

A collector's item worth tens of thousands of dollars was stolen by police officers in April of 2017. This evidence was submitted falsely by Officer Wendall Tyler stating that a stolen firearm was confiscated from my residence loaded with 38 caliber rounds. This collector's item brought back from Vietnam by my father during his combat tours is firearm that has no firing pin and was made in the 1920's. The firing pin was removed by CID so that he could retain it as memorabilia from the Vietnam war. This firearm is a Yammo-Federra and valued much more if restored. The caliber is a foreign caliber unknown to the U.S. and is less than a 22 Caliber pistol. This firearm was to be used as evidence and stated as loaded in a court to secure a conviction. This entails malicious prosecution and felony actions on the officers in part.

Morrey Seick
1200 North B St.
Cell (916) 271-5859
Feb. 22, 2019

During my transport to County Jail Officer Clutterbuck was informed of the complainant's unlawful possession of my father's Mossberg shotgun purchased in 1972. Threats to put this weapon into my family's mouth was made numerously that day and in the past. Clutterbuck knew about the 44 magnum that was again put into my mother's face while I was incarcerated. Clutterbuck and Magny knew about the multiple gunmen attacking my household throughout the day. Clutterbuck and Magny knew about the contraband hidden the complainants home that day. Clutterbuck and Magny knew about the complainant whom poked my mother's eye with a stolen pistol earlier that year resulting in eye surgery. None of these facts were entered on my behalf. Clutterbuck went out of her way to make my mother cry onto her knees while making unnecessary statements about my life long incarceration ahead. She also implied these gang members will be entering our home while I was detained laughingly. Her intent was to gain consent to search our home for drugs and weapons. She verbally abused my mother and threatened her life to coerce her into consenting to a search of our home unlawfully. Her actions were in accordance wirthg police brutality. Title 18 and 42 apply as well.

SGT Schraeber then utilized multiple Adult Protective Service officers to reconstruct a false depiction about my character to depict my mother as a victim in subsequent police reports. Our home was torn apart and left destroyed by police officers in front of my mother in a forced search initiated by Clutterbuck and Magny. Falsifying and the submission of altered and/or edited evidence caused my bail to be excessive resulting in detainment for over 14 months in Sacramento County Jail. False testimony from Magny resulted in a false conviction for burglary. Grammatical errors and misuse of pronouns made the Magny's report so vague any testimony could be filled in by felony witness testimonies. Taking statements from persons with prior access to my mother's financial accounts provided inaccurate testimony motivated by concealment of their past criminal actions. Inaction from the police department and reluctance to accept police reports in a timely manner was the cause of this mishap.

During my incarceration my mother was taunted and threatened everyday until she was provoked into a knee injury where she was immobilized for three days without food or access to the telephone. Now the County is in a concerted effort to sweep this under the rug thru drugging my m other in a substandard care facility against her will. Every police report I ever filed has been ignored by this department or rejected until tragedy the necessary for action by this department. In my absence, the City has allowed the criminal element to haver free reign over my household and mother's life. During her hospitalization our home was used as a trap house to distribute drugs. Prostitutes and heroin addicts known to each of the complainants in my criminal case squatted my property without any police intervention. Protective orders placed upon each of the complainants allowed free access to our property, financial accounts, mail, and home. Our vacant home was cleared and my mother's priceless silk doll collection and gold flecked paintings was sold online for another 40-50 thousand dollars. These items are valued priceless in her native country. Everything we ever owned was displaced by Sacramento's City and County agencies. Inaction from the police department resulted in Mayhem onto my mother's person. The actions of this local government has caused my family irreparable losses and left my mother permanently disabled. Sections in Title 42 and 18 apply.

The losses sustained as a result of these events are:

Morrey Seick
1200 North B St.
Cell (916) 271-5859
Feb. 22, 2019

1. Mother's life threatened and displaced by heroin addicts. Her health permanently displaced from police actions and actions of this county.
2. Every valuable personal property possession stolen and/or displaced systematically from the police department actions.
3. Our real property assets destroyed, squatted, vandalized.
4. Loss of real estate commissions and money to hire agents and provide leads.
5. Loss of office key and lock box keys caused loss of reputation with Bureau of Real Estate effecting business license.
6. Confiscation of business vehicle and tax information. Destruction of credit.
7. Removal of fixtures and copper coils from units in home and back yard. Destruction of pipes and plumbing from squatters. Infestation of pathogenic matter in our home from heroin users presently staying in our home.
8. Exposure and ingestion to bacteria and pathogens from HIV, ATDS, and Hep C prisoners.
9. Two years of vision impairment and significant cornea degeneration from false incarceration.
10. Delay of cornea treatment made available at the VA in 2017.
11. Forfeiture of registered nursing license and NCLEX exams.
12. Forfeiture of military service. Officer commissions, deployments, and retirement from National Guard.
13. False imprisonment of family. Restriction from visitations and normal family life. Restriction from regular exercise and forced administration of harmful medications.
14. Forced incarceration from medication refusal. Prolonged and indefinite periods without family contact diminishing life process from immediate family members. Malnutrition and loss of muscle mass.
15. Constant exposure to criminal homeless element and dementia patients in care facilities.
16. Multiple incidents of assault on my mother's person from criminals and police officers causing mental and physical infliction on her person.
17. Exaggerated statements from criminal complainants forced me to reside in a veteran's homeless shelter treatment program for 3 months as a term of probation with Veteran's court in lieu of prosecution. During this stay, I was without visual acuity and forced to be within 100 yards of complainants seeking methadone treatment at the free clinic located next door. This and other stipulations caused by inactions of Sacramento Police has made the terms of the probation contract unconscionable. The plea with drawl and vacating of charges were jeopardized continuously during the imposed stay at SVRC.

I am requesting this court to provide immediate relief and remedy from the local government's negligent actions. Statutes pertaining to malice and negligence apply to the police officers named in this suit.