UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORREY SELCK, | No. 2:19-cv-0341-JAM-EFB PS |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CITY OF SACRAMENTO, | |
| Defendant. | |

Several motions are pending in this action, which are addressed herein[1]:

1. Defendant's motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). ECF No. 5.

2. Plaintiff's "Motion to Order Relevant Documentation for Public Records," which is construed as a motion to compel the production of documents. ECF No. 11.

3. Plaintiff's "Motion to Initiate Criminal Investigation," which is construed as a motion for injunctive relief. ECF No. 15.

4. Also pending is the court's May 10, 2019 order directing plaintiff to show cause why sanctions should not be imposed for failure to timely file an opposition or statement of non-opposition to defendant's motion. ECF No. 10.

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

1

For the following reasons, the order to show cause is discharged without the imposition of sanctions and plaintiff's motion to compel is denied. Further, it is recommended that defendant's motion to dismiss be granted and plaintiff's motion for injunctive relief be denied.[2]

I. Order to Show Cause

Defendant City of Sacramento originally noticed its motion for hearing on March 20, 2019, before the previously assigned magistrate judge. ECF No. 5. In violation of Local Rule 230(c), plaintiff failed to timely file an opposition or statement of non-opposition. Accordingly, the hearing on the motion was continued and plaintiff was ordered to show cause why sanctions should not be imposed for his failure to timely respond to the motion. ECF. No. 10. Plaintiff was also ordered to file an opposition or statement of non-opposition to the pending motion. *Id*.

In response, plaintiff filed two documents. The first is entitled "Motion to Order Relevant Documentation for Public Records," which the court construes as a motion to compel the production of documents. ECF No. 11. The second is entitled "Motion to Initiate Criminal Investigation," which requests an order directing the Sacramento City Police Department to resolve criminal activity occurring in the South Sacramento area. ECF No. 15. Neither filing responds to the arguments raised in defendant's motion. Nor do they show cause why sanctions should not be imposed for his failure to file an opposition or statement of non-opposition to the pending motions. *Id.* Nevertheless, in light of plaintiff's pro se status, the order to show cause is discharged without the imposition of sanctions.

II. Motion to Compel

Plaintiff requests that defendant be ordered to produce all police reports that have been rejected by the Sacramento City Police Department. ECF No. 11. But his motion fails to demonstrate that defendant was properly served with a request for production of documents. Nor has plaintiff shown that he attempted to meet and confer with defendant prior to filing his motion.

---

[2] Because the court determined that oral argument would not materially assist in resolution of defendant's motion, it was submitted without argument pursuant to Eastern District of California Local Rule 230(g). Plaintiff failed to notice his motions for hearing in violation of Local Rule 230(c). Nevertheless, the court finds it appropriate to resolve each motion on the briefs and without oral argument.

2

*See* Fed. R. Civ. P. 37(a) (requiring a motion to compel to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery . . . ."). Accordingly, plaintiff's motion to compel is denied without prejudice.

III.   Motion to Dismiss

    A.   Rule 12(b)(6)'s Standards

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light

/////

most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

B. <u>Discussion</u>

Defendant argues that plaintiff's complaint must be dismissed because it fails to identify the events or conduct that form the basis of his claims. ECF No. 5-1 at 3.

As a threshold matter, the complaint fails to comply with Rule 8. That rule "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 554, 562-563. Rather than provide a short and plain statement for each of plaintiff's claims, the complaint contains a list of statutes followed by a discursive narrative concerning various events occurring from March 2014 through 2017. *See* ECF No. 1 at 7-13. For instance, plaintiff claims that in March 2014 Sacramento City police officers arranged for Adult Protective Services ("APS") to come to his home. *Id*. at 8. An APS employee subsequently searched the home and insisted that "retail items be put into [a] dumpster." *Id*. at 8. The employee also accused plaintiff of committing a "felony fire hazard." *Id*. at 9. Plaintiff also alleges that in July 2016, his mother was the victim of bank fraud. *Id*. He claims that a detective from the Sacramento Police department initially conducted an investigation, but the detective subsequently concluded it was a civil matter and ceased the investigation. *Id*. The complaint also describes incidences where the police ignored plaintiff's complaints about his property being stolen and a "rival gang war" that occurred in his neighborhood. *Id*. at 10-11.

As drafted, it is nearly impossible to discern the specific claims plaintiff intends to allege. Nor can it be determined which specific facts are intended to support each of plaintiff's claims. Plaintiff's failure to comply with Rule 8 alone justifies dismissal of his complaint. *See Schmidt v. Hermann*, 614 F.2d 1221, 1223 (9th Cir. 1980) (upholding the dismissal of a complaint where it was "impossible to designate the cause of action or causes of action attempted to be alleged in the complaint."); *see also McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming Rule 8 dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely

irrelevant" and providing an example of a properly pleaded claim, which could be "read in seconds and answered in minutes").

Furthermore, the complaint fails to state a claim under the nine federal statutes plaintiff lists, which include: 18 U.S.C. §§ 241, 242, 245, 1001, and 1623; 38 U.S.C. § 902; and 42 U.S.C. §§ 1983. 3631, and 14141. ECF No. 1 at 7.

Plaintiff cannot state a claim under the four cited sections of Title 18 since they are criminal statutes that do not provide a private right of action. *See, e.g., Banuelos v. Gabler*, 2018 WL 2328221 (E.D. Cal. May 22, 2018) (holding that 18 U.S.C. §§ 241 and 242 not provide for a private right of action); *Channel v. Wilkie*, 2019 WL 5720311, at *8 (E.D. Cal. Nov. 5, 2019) (no private right of action under 18 U.S.C. § 245); *Willems v. Apartment Inv. And Management Co. AIMCO*, 72 F. App'x 700 (2003) ("18 U.S.C. § 1001 does not provide a private right of action."); *Fabbri v. Sheraton Plaza La Reina Hotel*, 956 F.2d 1166, (9th Cir. 1992) (holding that 18 U.S.C. § 1623 "is a criminal statute and does not create, explicitly or implicitly, any civil liability."); *Clinton v. Jones*, 520 U.S. 681, 718 (1997) (holding that "criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch."). Likewise, 42 U.S.C. § 3631 of the Fair Housing Act is a criminal provision that does not create a private right of action. *See Walker v. City of Lakewood*, 272 F.3d 1114, (9th Cir. 2001) (observing that 42 U.S.C. § 3631 is a criminal provision); *United States v. Johns*, 615 F.2d 672, 675 (5th Cir. 1980) ("The legislative history accompanying 42 U.S.C. § 3631 . . . indicates a clear congressional intent to impose criminal sanctions . . . .").

Plaintiff also cites to 38 U.S.C. § 902, which authorizes the United States Department of Veterans Affairs ("VA") Police to enforce federal, state, and local law on "Department property." That statute appears to have no relation to plaintiff's complaint, which does not contain any allegations related to the VA.

The complaint also fails to adequately allege a claim under 42 U.S.C. § 1983. To state a claim under § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

5

A municipal entity, such as the City of Sacramento, is liable under section 1983 only if a plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). Plaintiff does not allege a constitutional injury as a result of defendant's policy or custom. In fact, the complaint does not even identify a specific constitutional provision that defendant allegedly violated.

Lastly, plaintiff cites to 42 U.S.C. § 14141 (now codified as 34 U.S.C. § 12601), which concerns "the administration of juvenile justice or the incarceration of juveniles" and authorizes the Attorney General to pursue a civil action on behalf of the United States. *See* 34 U.S.C. § 12601. But plaintiff's complaint does not include any allegations related to the administration of justice.

Accordingly, plaintiff's complaint must be dismissed for failure to state a claim. However, plaintiff should be granted leave to file an amended complaint. An amended complaint must allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

IV. Motion for Injunctive Relief

As noted above, plaintiff has filed a motion requesting the court order the Sacramento City Police Department to resolve criminal activity occurring in the South Sacramento area. ECF No. 15. To satisfy the standard for a preliminary injunction, plaintiff must, at a minimum, demonstrate that there is at least a fair chance of success on the merits. *Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430, 1433 (9th Cir. 1995); *Sports Form, Inc. v. United Press International*, 686 F.2d 750, 753 (9th Cir. 1982). As discussed above, his complaint must be dismissed and at present he has shown no likelihood of success on the merits of any claim. Accordingly, plaintiff's motion must be denied.

/////

V. Conclusion

Accordingly, it is hereby ORDERED that:

1. The May 10, 2019 order to show cause is discharged, and no sanctions are imposed; and

2. Plaintiff's motion to compel the production of documents (ECF No. 11) is denied.

Further, it is RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 5) be granted, and plaintiff's claims be dismissed with leave to amend;

2. Plaintiff be granted 30 days from any order adopting these findings and recommendations to file an amended complaint; and

3. Plaintiff's motion for injunctive relief (ECF No. 15) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 13, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE